UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARL SULLIVAN-EL, #156184,

       Plaintiff,

                                                CASE NO. 05-CV-73794-DT
v.                                              HONORABLE GERALD E. ROSEN

GEORGE PRIMASTALLER, et al.,

       Defendants.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT
AND DENYING APPLICATION FOR APPOINTMENT OF COUNSEL**

I.     Introduction

Before the Court is Plaintiff Earl Sullivan El's civil rights complaint filed pursuant to 42 U.S.C. § 1983, as well as his application for appointment of counsel. Plaintiff is a state prisoner currently confined at the Mound Correctional Facility in Detroit, Michigan. Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. Defendants are health care providers and administrators employed by the Michigan Department of Corrections.

In his complaint, Plaintiff asserts that he has been denied proper health care and housing and that defendants have been deliberately indifferent to his medical needs and safety. Plaintiff seeks monetary damages, injunctive relief, and other appropriate relief. Having reviewed the complaint, the Court dismisses it pursuant to 42 U.S.C. § 1997e(a) for failure to demonstrate exhaustion of administrative remedies.

II.    Discussion

Under the Prison Litigation Reform Act ("PLRA"), a prisoner must exhaust all available

administrative remedies before filing a federal lawsuit challenging his conditions of confinement.  *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Wyatt v. Leonard*, 193 F.3d 876, 877 (6th Cir. 1999).  To demonstrate exhaustion of administrative remedies, a prisoner must attach the decision containing the administrative disposition of his grievance or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.  *See Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998).  Exhaustion is not jurisdictional; but it is mandatory, *Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999), even if proceeding through the administrative system would be "futile."  *Hartsfield v. Vidor*, 199 F.3d 305, 308-10 (6th Cir. 1999).  The exhaustion requirement applies to § 1983 actions brought by a state prisoner even if the prisoner seeks monetary relief.  *Lavista v. Beeler*, 195 F.3d 254, 256-57 (6th Cir. 1999).  Federal courts may enforce the exhaustion requirement *sua sponte*.  *See Brown*, 139 F.3d at 1104.

A prisoner must exhaust administrative remedies as to each defendant and as to each claim identified in the complaint.  *See Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001).  The prisoner has the burden of proving that a grievance has been fully exhausted.  *Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002).  When a prisoner fails to exhaust administrative remedies before filing a civil rights complaint in federal court, or only partially exhausts those remedies, dismissal of the complaint is appropriate.  *See* 42 U.S.C. § 1997e(a); *Smith v. Federal Bureau of Prisons*, 300 F.3d 721, 723 (6th Cir. 2002).  Total exhaustion is required under the PLRA such that a complaint containing both exhausted and unexhausted claims must be dismissed without prejudice.  *See Bey v. Johnson*, 407 F.3d 801, 806 (6th Cir. 2005).  Under the PLRA, a prisoner may not amend the complaint to cure the failure to plead exhaustion of administrative remedies.

*See Baxter*, 305 F.3d at 488.

In his complaint, Plaintiff states that he has filed grievances against the defendants, but admits that all of the grievances have not been resolved and that he has not completed the appellate process of the grievance procedure as to some of his claims. Plaintiff has thus failed to meet his burden of showing that he has fully exhausted his administrative remedies as to each of the claims contained in his complaint. Pursuant to the total exhaustion rule, therefore, his complaint must be dismissed.

III.     Conclusion

For the reasons stated, the Court concludes that Plaintiff has failed to demonstrate total exhaustion of administrative remedies. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's civil rights complaint. Given this determination, the Court also **DENIES** his application for appointment of counsel.

The Court further concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED.**

> s/Gerald E. Rosen
> Gerald E. Rosen
> United States District Judge

Dated: October 31, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 31, 2005 by electronic and/or ordinary mail.

> s/V. Sims for LaShawn R. Saulsberry
> Case Manager